IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| TRAXXAS, L.P.,<br><br>*Plaintiff,*<br><br>v.<br><br>TEXTRON INC. and TEXTRON SPECIALIZED VEHICLES INC.,<br><br>*Defendants.* | Civil Action No. 6:16-cv-506<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, UNJUST ENRICHMENT, AND DENIAL OF TRADEMARK APPLICATION**

COMES NOW Plaintiff Traxxas, L.P. and files this Original Complaint for Trademark Infringement, Unfair Competition, Dilution, Unjust Enrichment, and Denial of Trademark Application against Defendants Textron Inc. and Textron Specialized Vehicles Inc. (collectively "Textron"), alleging as follows:

## I. NATURE OF THE SUIT

1. This is a claim for infringement of a federally registered trademark, unfair competition, and denial of a federal trademark application arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related claims for trademark dilution under Texas Business and Commerce Code § 16.103 and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

## II.  THE PARTIES

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant **Textron Inc.** is a Delaware corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Providence, Rhode Island.

4. Defendant **Textron Specialized Vehicles Inc.** is a Delaware corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Augusta, Georgia.

5. Defendant Textron Specialized Vehicles Inc. is a wholly owned subsidiary of Defendant Textron Inc.

## III.  JURISDICTION AND VENUE

6. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction over the federal trademark infringement, unfair competition, and denial of federal trademark application claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

7. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, trademark dilution, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, unfair competition, and denial of trademark application claims.

8. This Court has specific personal jurisdiction over each defendant pursuant to due process and the Texas Long Arm Statute because each defendant, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such

substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above. Furthermore, venue is proper because each defendant, directly or through intermediaries, sells and offers to sell infringing products to persons in this District, as discussed below. Each of Defendants' infringing acts in this District gives rise to proper venue.

## IV. BACKGROUND

### A. Traxxas and Its Trademarks

10. Traxxas was started in 1986 and has grown to become the number-1 selling name in Ready-To-Run nitro and electric model vehicles for the last 30 years running.

11. Since at least December 1994, Traxxas has continuously used the standard characters "STAMPEDE" (the "Traxxas STAMPEDE Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor, specifically off-road radio-controlled model vehicles, to the consuming public.

12. On January 2, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 2,417,720 (the "Traxxas STAMPEDE Registration"), which comprises the typed drawing "STAMPEDE" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the Traxxas STAMPEDE Registration is attached hereto as Exhibit A.

13. Traxxas' right to use its Traxxas STAMPEDE Mark has become incontestable.

14. As a result of Traxxas' long use and promotion of the Traxxas STAMPEDE Mark, the Traxxas STAMPEDE Mark has become distinctive to designate Traxxas, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the Traxxas STAMPEDE Mark with Traxxas.

15. As a result of Traxxas' long use and promotion of the Traxxas STAMPEDE Mark in Texas and elsewhere, Traxxas has acquired valuable common law rights in the Traxxas STAMPEDE Mark.

16. The Traxxas STAMPEDE Mark is famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.     Textron's STAMPEDE Application**

17. On May 19, 2015, Textron Inc. filed with the USPTO Application Serial No. 86/634,354 (the "Textron STAMPEDE Application") for the standard characters "STAMPEDE" as applied to "Off road vehicles, namely, all-terrain vehicles and utility terrain vehicles" in International Class 012.

18. On December 28, 2015, in response to an office action, Textron Inc. amended the Textron STAMPEDE Application to exclude tires and wheels.

19. On April 5, 2016, the USPTO issued a Notice of Publication concerning the Textron STAMPEDE Application.

20. On May 10, 2016, Traxxas filed in the USPTO a Notice of Opposition to the Textron STAMPEDE Application on the grounds of priority and likelihood of confusion, citing

the Traxxas STAMPEDE Registration. A true and correct copy of Traxxas' Notice of Opposition is attached hereto as Exhibit B and incorporated by reference.

**C.    Textron's Infringing Activities**

21.    Defendant Textron Specialized Vehicles Inc., directly or through intermediaries, makes, sells, offers for sale, distributes, and advertises in the United States off-road vehicles under the name "STAMPEDE" (the "Infringing Mark").

22.    Defendant Textron Inc. purports to own the Infringing Mark and to exclusively license the Infringing Mark to its wholly owned subsidiary Textron Specialized Vehicles Inc.

23.    By purporting to exclusively license the Infringing Mark to its wholly owned subsidiary Textron Specialized Vehicles Inc., Defendant Textron Inc. makes, sells, offers for sale, distributes, and advertises in the United States off-road vehicles under the Infringing Mark through its intermediary Textron Specialized Vehicles Inc.

24.    Examples of Textron's use of the Infringing Mark are attached hereto as Exhibit C.

25.    The Infringing Mark is identical in appearance to the Traxxas STAMPEDE Mark.

26.    The Infringing Mark is confusingly similar to the Traxxas STAMPEDE Mark.

27.    Textron is using the Infringing Mark in commerce.

28.    Each defendant, directly or through intermediaries, purposefully and voluntarily places products bearing the Infringing Mark into the stream of commerce with the expectation that they will be purchased by consumers in this District.

29.    Textron's products bearing the Infringing Mark are sold and offered for sale in this District.

30. Textron is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to use the Traxxas STAMPEDE Mark or any confusingly similar marks.

**D.     Effect of Textron's Infringing Activities**

31. Textron's unauthorized use of the Infringing Mark is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Textron with Traxxas, or as to the origin, sponsorship, or approval of Textron's products by Traxxas.

32. Textron's unauthorized use of the Infringing Mark falsely designates the origin of its products and falsely and misleadingly describes and represents facts with respect to Textron and its products.

33. Textron's unauthorized use of the Infringing Mark enables Textron to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for its products not solely on their own merits, but on the reputation and goodwill of Traxxas, its Traxxas STAMPEDE Mark, and its products.

34. Textron's unauthorized use of the Infringing Mark is likely to cause dilution of the famous Traxxas STAMPEDE Mark.

35. Textron's unauthorized use of the Infringing Mark unjustly enriches Textron at Traxxas' expense.  Textron has been and continues to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

36. Specifically, Textron has taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas STAMPEDE Mark developed and owned by Traxxas, resulting in Textron wrongfully obtaining a monetary and reputational benefit for its own business and products.

37. Textron's unauthorized use of the Infringing Mark removes from Traxxas the ability to control the nature and quality of products provided under the Traxxas STAMPEDE Mark and places the valuable reputation and goodwill of Traxxas in the hands of Textron, over whom Traxxas has no control.

38. Unless this Court restrains these acts of Textron, these acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

39. Traxxas notified Textron of Traxxas' rights in the Traxxas STAMPEDE Mark and of Textron's infringement by letter dated May 6, 2016.

40. Traxxas has further notified Textron of Traxxas' rights in the Traxxas STAMPEDE Mark by filing its Notice of Opposition to the Textron STAMPEDE Application.

## V. CLAIMS

### A. Federal Trademark Infringement

41. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

42. Textron's acts complained of herein constitute infringement of Traxxas' federally registered Traxxas STAMPEDE Mark in willful violation of 15 U.S.C. § 1114(1).

### B. Federal Unfair Competition

43. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

44. Textron's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

### C. Texas Trademark Infringement

45. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

46. Textron's acts complained of herein constitute trademark infringement in violation of Texas state common law.

### D. Texas Unfair Competition

47. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

48. Textron's acts complained of herein constitute unfair competition in violation of Texas state common law.

### E. Texas Trademark Dilution

49. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

50. Textron's acts complained of herein constitute dilution of Traxxas' famous Traxxas STAMPEDE Mark in willful violation of Texas Business and Commerce Code § 16.103.

### F. Texas Unjust Enrichment

51. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

52. Textron's acts complained of herein constitute unjust enrichment of Textron at Traxxas' expense in violation of Texas state common law.

**G.     Denial of the Textron STAMPEDE Application**

53.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

54.     By virtue of Traxxas' prior and senior rights arising from both prior use and prior registration of its Traxxas STAMPEDE Mark, Textron is barred from obtaining registration of the Textron STAMPEDE Mark because Textron's use of and attempt to register the Textron STAMPEDE Mark, without Traxxas' authorization, creates a likelihood of confusion with the Traxxas STAMPEDE Mark under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

## VI.  DAMAGES

55.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

56.     Textron's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Textron's profits under 15 U.S.C. § 1117(a).

## VII.  PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a.     A judgment in favor of Traxxas that Textron has infringed the Traxxas STAMPEDE Mark under federal and Texas state common law, as described herein;

b.     A judgment in favor of Traxxas that Textron has unfairly competed with Traxxas under federal and Texas state common law, as described herein;

c.     A judgment in favor of Traxxas that Textron has diluted Traxxas' famous Traxxas STAMPEDE Mark under federal and Texas state common law, as described herein;

d.     A judgment in favor of Traxxas that Textron has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e.  A judgment and order directing the USPTO to deny the Textron STAMPEDE Application and refuse issuance of a registration from the Textron STAMPEDE Application;

f.  A preliminary injunction enjoining Textron, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the Traxxas STAMPEDE Mark and any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas STAMPEDE Mark (including but not limited to the Infringing Mark), and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

g.  A permanent injunction:

  (1)  enjoining Textron, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the Traxxas STAMPEDE Mark and any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas STAMPEDE Mark (including but not limited to the Infringing Mark), and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

  (2)  requiring Textron, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all products bearing the Infringing Mark, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the Infringing Mark or any other mark or design that is confusingly

similar to or likely to cause dilution of the Traxxas STAMPEDE Mark; and

(3) requiring Textron to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Textron of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Textron has complied with the injunction;

h. A judgment and order directing an accounting to determine Textron's profits resulting from the activities complained of herein, including Textron's profits for any continuing post-verdict or post-judgment activities, and that such profits be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

i. A judgment and order requiring Textron to pay Traxxas its damages sustained as a result of Textron's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed;

j. A judgment and order requiring Textron to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest; and

k. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated:  June 15, 2016

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*